### No. 764
DREIFUS v. PROVIDENT SAVINGS BK. & TR. CO. et

No. 19273. Supreme Court

On motion to certify. Dock. July 18, 1925; 3 Abs. 466.

683. JURISDICTION—Can duly appointed administrator remove from the jurisdiction of the Ohio Court, and remain outside the jurisdiction for the sole purpose of defeating an action against himself as such administrator?

On Oct. 7, 1913, Rachel and David Baumgarten executed a note for $3500 with Charles Dreifus as payee. After note became due, in consideration for extension of the time of payment, the Baumgartens agreed to compound interest upon the note.

On Sept. 27, 1917, $2000 was paid after which a balance of $1321.38 remained. In June, 1919, Rachel Baumgarten died intestate and David was appointed administrator of her estate. The claim of Dreifus was rejected, and thereafter Baumgarten gave his note to the Provident Savings Bank and Trust Co. secured by mortgage.

Dreifus brought his action on the note against Baumgarten in the Hamilton Common Pleas, but since he was departed from the jurisdiction of the court, service of summons could not be had upon him, either individually or as administrator. Upon motion, the court quashed service of summons upon Baumgarten.

The Bank brought its action against Baumgarten in the Hamilton Common Pleas, and Dreifus was made a party defendant. After Baumgarten had filed an answer by his attorney, an entry was endorsed reciting that the case was continued as to the claim of Dreifus and for determination of priorities as to all

parties, in the real estate of Rachel Baumgarten. It was then heard that Baumgarten, the administrator died and Powel Crosley was substituted as such. Judgment in the Common Pleas was in favor of the Bank, and it was affirmed by the Court of Appeals.

The case was filed in the Supreme Court on a motion to certify and it is contended by Dreifus that his suit against Baumgarten and the Bank is still pending, Crosley being substituted as party defendant. It is urged that the Bank having been served within time, the action is saved and was "commenced" within the statutory period provided in 11230 GC.

Baumgarten claimed to have filed a final account, it is claimed and then removed from the state for the purpose of defeating Dreifus's claim, and remained outside of the state during the entire 18 months period, the time within which a creditor may file his claim, under 10746 GC. Under these circumstances, it is argued, Baumgarten's power had ceased without having fully administered the estate under provisions of 10753 GC.

It is submitted that if Dreifus is not allowed to litigate his claim in these cases after he has been made a party defendant by the bank, that the result works a fraud on his right and robs him of almost $5000. In any event, it is urged, the law should not permit a debtor to depart from the state for the sole purpose of defeating his creditors and remain out of the state until the statute has run and then open its courts to permit him to plead the statute and thus defeat his creditors.

Attorneys—Robt. S. Alcorn and Albert D. Alcorn for Dreifus; Harmon, Colston, Goldsmith & Hoadly; Clark & McConkey for Bank; all of Cincinnati.